UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
WILSON TYLER,

                Plaintiff,

-against-

CHARLES DUNNE, U.S. Marshal for the
Eastern District of New York; WARDEN
(unknown) of the Metropolitan Detention
Center,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-2980 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On June 3, 2016, plaintiff Wilson Tyler, currently incarcerated at the Leavenworth

Detention Center in Kansas, filed this *pro se* action pursuant to 42 U.S.C. § 1983.  The Court

grants Tyler's request to proceed *in forma pauperis* solely for the purpose of this Order.  As set

forth below, the Court dismisses the complaint and directs Tyler to file an amended complaint

within thirty (30) days from the date of this Order.

## BACKGROUND

Tyler does not provide a statement of claim and instead relies on the following attached

documents arising from his prior habeas petition in *Tyler v. Dunne*, No. 15-CV-6361 (FB): (1)

November 5, 2015 Petition for an Order to Show Cause filed by counsel Mildred M. Whalen,

(Compl. (Doc. No. 1) at 8–10);[1] (2) Declaration in Support of the Petition for an Order to Show

Cause, (*id.* at 11–15); (3) Memorandum of Law in Support of the Petition for an Order to Show

Cause and supporting exhibits, (*id.* at 16–40); (4) Transcript of a November 6, 2015 Civil Cause

for Order to Show Cause conference before the Honorable Frederic Block, (*id.* at 41–62); and (5)

Transcript of a November 9, 2015 Video Teleconference before Judge Block, (*id.* at 63–91).

---

[1] For ease of reference, citations to pages in court documents utilize ECF pagination.

Tyler's prior petition, filed by counsel in *Tyler v. Dunne*, No. 15-CV-6361 (FB), challenged his Ebola quarantine detention at the Metropolitan Detention Center ("MDC") from October 22, 2015 through November 10, 2015. (*Id.* at 17, 90.) The following facts are taken from Tyler's filings and transcripts in that case. A warrant was issued for Tyler in the District of Kansas in 2013, while he was living in Sierra Leone. (Compl. at 17–18.) On October 22, 2015, Tyler flew to the United States from Sierra Leone and was arrested at JFK Airport on the 2013 warrant. (*Id.* at 17.) Because Sierra Leone was a country with widespread transmission of Ebola, Tyler was taken to Bellevue Hospital, and then taken to the MDC where he was kept in solitary confinement without arraignment, access to counsel, or contact with his family for nearly 2 weeks. (*Id.* at 17–18.) On November 9, 2015, Judge Block ordered that Tyler be released from quarantine the next day. (*Id.* at 90.) Tyler seeks damages for emotional and physical injuries, and a "review of the case and [the] previous Judge's comments on how the Detention Center and its officers, agents and Warden" handled his quarantine. (*Id.* at 5–6.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions. *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills,* 572

F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Tyler is proceeding pursuant to 42 U.S.C. § 1983. Defendants, however, are federal officials and are therefore "not acting 'under color of any statute, ordinance, regulation, custom, or usage, of any *State or Territory* or the District of Columbia.'" *Geddes v. Lindsay*, No. 07-CV-5054 (NGG), 2008 WL 2620129, at *2 (E.D.N.Y. July 1, 2008) (quoting 42 U.S.C. § 1983); *see also Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) ("[T]he phrase 'under color of state law' as used in related civil rights statutes, notably 42 U.S.C. § 1983, [applies] only to state actors, not federal officials[.]"). Because he is proceeding against federal actors, Tyler's allegations are more properly characterized as an attempt to make a claim under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "*Bivens* is a judicially created remedy that enables individuals to bring an action in federal court against federal officers who have invaded their constitutional rights." *Geddes*, 2008 WL 2620129, at *2 (citing *Dotson*, 398 F.3d at 166). In view of Tyler's *pro se* status, this court therefore construes his § 1983 claim as an attempt to state a claim under *Bivens*. *See Tavarez v. Reno*, 54 F.3d 109, 109–10 (2d Cir. 1995) (approving district court's recharacterization of a § 1983 claim brought by a *pro se* inmate against federal officials as a *Bivens* claim).

Under *Bivens*, a plaintiff "must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). "Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." *Id.* "The personal involvement of a supervisory defendant may be shown by evidence that the defendant: (1) directly participated in the constitutional violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; (4) was grossly negligent in supervising subordinates who caused the violation; or (5) failed to act on information indicating that unconstitutional acts were occurring." *Id.* at 496–97. At present, the Court cannot discern the nature of Tyler's claims against United States Marshal Dunne and the Warden of the MDC, as he provides no facts specifically against these defendants.

## CONCLUSION

In order to proceed with this action against defendants United States Marshal Dunne and the MDC Warden, Tyler must allege facts to show that each defendant violated his constitutional or federal rights. *See Ashcroft*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 570. Here, Tyler has not alleged sufficient facts to show that defendants were personally involved in any alleged violation of Tyler's constitutional or federal rights. *Thomas*, 470 F.3d at 496 (applying personal involvement requirement in a *Bivens* action). Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state claim. 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A. However, in light of Tyler's *pro se* status, he is granted leave to file an amended complaint in order to comply with the pleading standards set forth above.

In the amended complaint, Tyler must provide facts sufficient to support a plausible claim that defendants violated Tyler's federal or constitutional rights, including the dates of all relevant events and a brief description of what actually occurred. The amended complaint must be filed within thirty (30) days from the date of entry of this Order and must be captioned "AMENDED COMPLAINT" and bear the docket number 16-CV-2980 (RRM). If filed, the amended complaint shall replace the original complaint in its entirety and shall be reviewed for substantive sufficiency. No summons shall issue and all further proceedings shall be stayed for thirty (30) days or until Tyler has complied with this Order.

If Tyler fails to file an amended complaint within the time allowed, the action shall be dismissed and judgment shall enter.

As Tyler has failed to demonstrate a plausible claim at this stage, Tyler's application for counsel is denied without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to send a copy of this Order to Tyler, as well as a copy of Tyler's original petition (Doc. No. 1), per Tyler's request. (Compl. at 7.)

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
August 8, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge

5