UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILSON TYLER,

                Plaintiff,

  - against -

Marshal CHARLES DUNNE;
Warden DUKE TERRELL; and Staff of the Health
Services Dept., MDC Brooklyn, New York,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-2980 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On June 3, 2016, plaintiff Wilson Tyler, currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas, filed this *pro se* action against defendants. By Memorandum and Order, the Court granted Tyler's request to proceed *in forma pauperis*, dismissed the complaint and directed Tyler to file an amended complaint within thirty (30) days. Tyler then filed an amended complaint. As set forth below, the Court dismisses the amended complaint against defendant Dunne and allows the amended complaint to proceed against the Warden and Health Services Staff at the Metropolitan Detention Center ("MDC") in Brooklyn.

## BACKGROUND

Tyler alleges that on October 22, 2015, upon his arrest at John F. Kennedy Airport, he was taken to Bellevue Hospital as a precaution as he had arrived from Sierra Leone, an area known at the time for outbreaks of the Ebola virus. At Bellevue Hospital, he was found to be "asymptomatic of the Ebola virus" and he was released and taken to MDC. (Am. Compl. (Doc. No. 11) at 5.) At MDC, he was placed in quarantine. (*Id.*)

In a prior habeas corpus petition, filed by counsel, Tyler challenged his Ebola quarantine at MDC from October 22, 2015 through November 10, 2015. *See Tyler v. Dunne*, No. 15-CV-

6361 (FB). On November 19, 2015, Judge Block ordered that Tyler be released from quarantine the next day. In addition to his quarantine, plaintiff alleges that he was given medication that caused him to develop lesions and vomit so much that he lost "a very considerable amount of weight (90 lbs)" and that he "was refused any treatment for these ailments." (Am. Compl. at 5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(a) & (b)(1).

## DISCUSSION

Tyler is proceeding under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under *Bivens*, a plaintiff "must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). "Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." *Id.* Here, Tyler does not allege any facts against United States Marshal Charles Dunne. Therefore, Tyler's amended complaint against Dunne is dismissed.

Although Tyler does not allege any facts specific to MDC Warden Duke Terrell, the Court allows the amended complaint to proceed against the MDC Warden and the Health Services Department at MDC at this juncture. Tyler alleges that once he arrived at MDC on October 22, 2015, he was placed in a quarantine housing area, denied access to the courts, and denied medical treatment for his reaction to medication administered while in MDC custody. Tyler does not identify the individuals employed by the Health Service Department at MDC who allegedly administered the medication that caused him to become ill or who allegedly denied him medical treatment.

Consequently, the United States Marshals Service will not be able to serve these defendants without further identifying information. The problem encountered by Tyler is a common one as it is frequently difficult for a *pro se* litigant to identify individual law enforcement or prison officials, especially since Tyler is no longer incarcerated at MDC. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.

Accordingly, the Court hereby requests the United States Attorney for the Eastern District of New York to ascertain the full names of the individuals involved in administering Tyler's medication and medical treatment while incarcerated at MDC on or about October 22, 2015 and to provide the addresses where these individuals can currently be served within 45 days from the date of this Order. The United States Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Tyler may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. Once this information is provided, Tyler's amended complaint shall be deemed further amended to reflect the full names of these defendants, an amended summons shall be issued and the Court shall direct service on these defendants.

## CONCLUSION

Accordingly, the action, filed *in forma pauperis*, is dismissed as to United States Marshal Charles Dunne for failure to state claim. 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A. No summons shall issue as to this defendant and the Clerk of Court shall amend the caption to reflect the dismissal of this defendant.

Tyler's amended complaint shall proceed as to MDC Warden Duke Terrell. The United States Marshal Service is directed to serve the summons, the complaint, the amended complaint and this Order upon the MDC Warden without prepayment of fees. The United States Attorney shall identify the individuals employed by the Health Services Department at MDC as set forth above.

The case is respectfully referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Clerk of Court is respectfully directed to send a copy of this Order to Tyler, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
    March 28, 2019

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge